# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT T. HINZMAN,**

**Plaintiff,**

v.                                        **Case No. 25-CV-791**

**NATHAN P. HEGGESETH,**

**Defendant.**

---

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUTION GROUNDS

---

Plaintiff Robert T. Hinzman, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Hinzman was allowed to proceed on an Eighth Amendment claim for deliberate indifference to medical needs against defendant Nathan P. Heggeseth for falsely suggesting that Hinzman was malingering, which caused Hinzman to fail to receive proper treatment for his shoulder pain. The defendants filed a motion for summary judgment on the ground that Hinzman failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 18.) The motion is fully briefed and ready for a decision. The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 11.)

### SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other

Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion rule promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process a prisoner must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about and must be limited to one issue at a time. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate

3

reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, including if the inmate complaint contains more than one issue or if the inmate failed to informally resolve the issue before filing a written complaint. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies and refile the inmate complaint. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the corrections complaint examiner. Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e). Appeals must also be "limited to the issue raised in the original complaint." Wis. Admin. Code § DOC 310.09(2)(g). If a prisoner does not receive a decision within 45 days after the date the ICE acknowledged the inmate complaint, he may appeal to the corrections complaint examiner. Wis. Admin. Code § DOC 310.11(3).

The corrections complaint examiner then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The corrections complaint examiner "may recommend rejection of an appeal not filed in accordance with § DOC

310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the corrections complaint examiner's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the corrections complaint examiner's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Hinzman's Allegations and Attempts to Exhaust his Administrative Remedies*

In March 2024 Hinzman complained of extreme left shoulder pain and requested an MRI. (ECF No. 1, ¶ 7.) Instead, he was sent to physical therapy. (*Id.*) Hinzman alleged his pain was not properly addressed because defendant Heggeseth, a physical therapist at the Wisconsin Resource Center (WRC), falsely documented on May 24, 2024, and on June 7, 2024, that Hinzman was malingering. (*Id.*, ¶ 8.) When Hinzman received an MRI on his shoulder in September 2024, it showed a "small tear mis posterior aspect." (*Id.*, ¶ 9.) Hinzman alleges that, because of Heggeseth's false documentation of malingering, he unnecessarily suffered severe pain for approximately seven months. (*Id.*)

In his opening brief in support of his motion to dismiss Heggeseth asserts that Hinzman filed only one relevant inmate complaint, on September 30, 2024. (ECF No. 20, ¶ 5.) In it he stated that, when he went to Heggeseth for physical therapy, Heggeseth told Hinzman he believed he was malingering and as a result Hinzman's "care was less than adequate." (ECF No. 21-2 at 1.) On October 1, 2024, the ICE returned the inmate complaint to Hinzman because he had failed to informally

resolve the issue by contacting the Director of Nursing and because each inmate complaint may contain only one clearly identified issue. (ECF No. 21-3.) The ICE identified multiple issues: 1) complaints of inadequate care, and 2) a complaint that Heggeseth stated that Hinzman was malingering. (*Id.*) Hinzman was instructed to refile his inmate complaint and to pick only one issue to complain about. (*Id.*) If he wished to pursue his issue with Heggeseth, he was instructed to refile only after he contacted the Director of Nursing. (*Id.*) Heggeseth asserts that Hinzman never refiled his complaint, nor did he file any other inmate complaint related to Heggeseth's care of his shoulder. (ECF No. 20, ¶¶ 17-18.)

In response, Hinzman states that on October 7, 2024, he filed inmate complaint WRC-2024-15030 "complaining about persistent pain from a shoulder injury and the fact that Defendant Heggeseth was interfering with Hinzman receiving treatment due to Defendant Heggeseth's unfounded fabrication that Hinzman was malingering." (ECF No. 27, ¶ 2.) Hinzman attached to his declaration filed in response a copy of the inmate complaint, wherein he stated

> On 5-24-24 and 6-7-24 Nathan Heggeseth [made a] very serious claim I am malingering when in fact I have been in serious documented pain since late March 2024. I finally received [an] MRI (which I requested in March) in September which shown [*sic*] small tear mid posterior aspect. . . to suggest I was or am malingering when it has been <u>proven</u> I have a tear in my labrum and <u>continue</u> to unnecessarily encounter pain.

(ECF No. 26-3 at 1-2) (emphasis in original.)

On October 28, 2024, the ICE recommended dismissal of the inmate complaint because Wis. Admin. Code § 310.06(3)(f) "excludes from the scope of the ICRS

6

complaints that challenge the content of health care records." (ECF No. 26-3 at 3.) On November 5, 2024, the reviewing authority accepted the ICE's recommendation and dismissed the complaint. (*Id.* at 4.) Hinzman appealed the dismissal and the corrections complaint examiner recommended affirming the dismissal of the inmate complaint. (*Id.* at 5.) On December 3, 2024, a representative from the Office of the Secretary adopted the corrections complaint examiner's recommendation. (*Id.* at 6.) Hinzman asserts he fully exhausted the inmate complaint. (ECF No. 27, ¶ 6.)

In reply, Heggeseth does not dispute that the inmate complaint went fully through the process. (ECF No. 29, ¶ 6.) However, he states that the subject of the inmate complaint did not put the institution on notice of the claim at issue because it did not allege that Heggeseth's comments about malingering delayed Hinzman's treatment or caused him to experience unnecessary pain. (*Id.*, ¶ 2.)

*Analysis*

Heggeseth argues that, even though inmate complaint WRC-2024-15030 fully went through the exhaustion process, it did not exhaust Hinzman's claim in this case because it did not put the institution on notice that Hinzman suffered unnecessary pain or that his treatment was delayed as a result of Heggeseth's remarks—it only put the institution on notice that Hinzman objected to Heggeseth's documentation that Hinzman was malingering. (*See* ECF No. 28 at 2-3.)

The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007).

7

"When the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint", which is the case in Wisconsin, "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). An inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong* 297, F.3d at 560. In short, "a prisoner satisfies the exhaustion requirement when he gives a prison 'notice of and an opportunity to correct, a problem.'" *Schillinger* 954 F.3d at 995. (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)).

Heggeseth's argument that inmate complaint WRC-2024-15030 did not notify WRC that Heggeseth's comments caused Hinzman unnecessary pain is contradicted by the inmate complaint itself. Hinzman stated in the inmate complaint, "On 5-24-24 and 6-7-24 Nathan Heggeseth [made a] very serious claim I am malingering when in fact I have been in serious documented pain since late March 2024." (ECF No. 26-3 at 1-2.) He also stated, "to suggest that I have I was or am malingering when it has been <u>proven</u> I have a tear in my labrum and <u>continue</u> to unnecessarily encounter pain." (*Id.*) (emphasis in original). In other words, Hinzman's inmate complaint very clearly, on its face, notified WRC of Hinzman's claim that Heggeseth's comments caused him to experience unnecessary pain.

Heggeseth argues in his reply brief that the ICE's summarization of Hinzman's complaint—namely, that the only issue in the inmate complaint was an objection to

8

Heggeseth's documentation of potential malingering—shows that WRC was not put on notice of Hinzman's claim. (ECF No. 28 at 3.) While the ICE may have narrowly read Hinzman's complaint, choosing to focus only on the medical documentation piece, it was the ICE's choice to ignore and not investigate the alleged injury caused by Heggeseth's comments (*i.e.,* the unnecessary pain Hinzman experienced).

Additionally, to the extent that Heggeseth is arguing that Hinzman's inmate complaint contained more than one issue, it was not rejected or returned on that basis. Courts cannot find non-exhaustion where the ICE decides not to return or reject an inmate complaint for containing more than one issue and instead addresses the merits of the inmate complaint. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of altering the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.").

Lastly, Heggeseth does not explain why he failed to reference WRC-2024-15030 in his opening brief supporting his motion for summary judgment on exhaustion grounds. Hinzman's inmate complaint history report summarizes the inmate complaint as "Complains Physical Therapy documented potential malingering." (ECF No. 21-1 at 2.) Also, it is clear on the inmate complaint's face that this inmate complaint was relevant to the merits of Hinzman's case—the allegations in the inmate complaint and Hinzman's complaints are substantively similar, including

9

dates and parties involved. Heggeseth should have produced the inmate complaint and made his argument that it did not put WRC on notice in his main brief.

Fortunately, Hinzman had a copy of that inmate complaint, but that is not always the case. Wisconsin Department of Correction Prisoners (and, quite frankly, the court) often have to trust that the Assistant Attorney Generals assigned to their cases make a good faith effort to search for and include all relevant inmate complaints. The court understands that there are many prisoner cases, that mistakes are made, and that inmate complaints are sometimes missed. However, it is beneficial to both the court and the plaintiff for the defendant to acknowledge that an inmate complaint was inadvertently excluded so there is no suggestion of the defendant deliberately misleading the plaintiff or the court in order to get a case dismissed. Also, if an excluded inmate complaint is uncovered during briefing, and it makes clear that a plaintiff exhausted his administrative remedies, a defendant should withdraw his motion.

Regardless, it is clear that Hinzman fully exhausted his claim before filing this lawsuit. Heggeseth's motion for summary judgement on exhaustion grounds is denied.

## CONCLUSION

For the reasons stated above, Heggeseth's motion for summary judgment on exhaustion grounds is denied. The court will issue an amended scheduling order at a later date to move the case forward.

10

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Heggeseth's motion

for summary judgment on exhaustion grounds (ECF No. 18) is **DENIED**.


Dated at Milwaukee, Wisconsin this 5th day of June, 2026.


BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

11