**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ROBERT T. HINZMAN,**

Plaintiff,

**v.** **Case No. 25-CV-791**

**NATHAN P. HEGGESETH,**

Defendant.

---

**ORDER**

---

On September 3, 2026, plaintiff Robert T. Hinzman, who is incarcerated and representing himself, filed a motion labeled a "motion for summary judgment." (ECF No. 40.) On October 6, 2026, Hinzman filed a second motion labeled a "motion for summary judgment." (ECF No. 47.) A review of the motions reveals that they are actually motions for sanctions against the defendant, Nathan P. Heggeseth, and the court will treat them as such. On October 13, 2026, Hinzman filed a third motion for sanctions. (ECF No. 51.)

On October 21, 2026, counsel for Heggeseth filed a motion to amend/correct her declaration filed in support of defendant Heggeseth's response to plaintiff's motion for sanctions. (ECF No. 54.) The motion to amend/correct seeks to rectify a simple procedural issue with the declaration. The motion is granted and the court will accept the amended declaration, (ECF No. 54-1.)

Turning to the motions for sanctions, there are three issues upon which Hinzman moves for sanctions. In his first motion, he asks the court to grant summary judgment in

his favor as a sanction because Heggeseth's lawyer, Ashley Fard, intentionally omitted a relevant inmate complaint when moving for summary judgment on the ground that Hinzman failed to exhaust his administrative remedies. (ECF No. 40 at 3.)

The court recognized in its decision and order denying Heggeseth's motion for summary judgment on exhaustion grounds that omitting the clearly relevant inmate complaint was a significant error. (ECF No. 33 at 9-11.) The court also gave Heggeseth's attorney the benefit of the doubt in its decision, noting that, due to the volume of prisoner cases, inmates complaints are occasionally missed, which also appears to generally be Fard's defense to Hinzman's first motion for sanctions. (*Id.*; ECF No. 48.) While the court denies Hinzman's first motion for sanctions, because ultimately his case survived summary judgment on exhaustion grounds, the court highlights the gravity of Fard's omission. Especially concerning is Fard's decision to attempt to argue in the reply brief that the obviously relevant inmate complaint did not substantively address the claim at hand. By not withdrawing the motion in light of clear evidence that Hinzman *had* exhausted his administrative remedies, Fard wasted the court's time and resources. Fard is on notice that, if similar issues occur again, the court is likely to impose sanctions.

The second and third motions for sanctions concern representations Heggeseth made in response to Hinzman's discovery requests. In the second motion for sanctions Hinzman states that Heggeseth falsely responded to an interrogatory when he stated that he never "suspected [plaintiff was] malingering only to learn he was inaccurate and patient was confirmed to have injury". (ECF No. 47 at 1.) Hinzman points to several portions of the record to support his contention that Heggeseth's response was untrue.

However, instead of showing that Heggeseth intentionally lied, the evidence identified by Hinzman highlights that a question of material fact may exist—and Hinzman will have an opportunity to present this evidence if the defendants file a motion for summary judgment on the merits. Hinzman's second motion for sanctions is denied.

In his third motion for sanctions Hinzman states that Heggeseth intentionally withheld a portion of Hinzman's medical records. (ECF No. 51 at 1-2.) In response Heggeseth states that he has already supplemented his production of documents to provide the missing records and did so immediately upon discovery that they had not been produced. (ECF No. 52 at 7.) Heggeseth also notes that Hinzman did not follow Federal Rule of Civil Procedure 37(a) or Civil Local Rule 37 and confer with Heggeseth's attorney about the missing information before filing a motion for sanctions. Because Heggeseth states that he provided the relevant information, the court denies Hinzman's motion. If Hinzman feels that information he requested is still missing, he must meet and confer (either over the phone or in writing) with Heggeseth's attorney and attempt to informally resolve the issue. If an informal resolution is not possible, Hinzman may then file a motion to compel.

The court stayed the case deadlines pending resolution of the above motions. The court now lifts the stay. The discovery deadline is now **January 25, 2027**, and the deadline for summary judgment on the merits is now **February 25, 2027.**

**IT IS THEREFORE ORDERED** that Heggeseth's motion to amend/correct declaration of Ashley Fard (ECF No. 54) is **GRANTED**. The amended declaration (ECF No. 54-1) is accepted.

**IT IS FURTHER ORDERED** that Hinzman's first motion for sanctions (ECF No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Hinzman's second and third motions for sanctions (ECF Nos. 47, 51) are **DENIED**.

**IT IS FURTHER ORDERED** that the stay of the case deadlines is **LIFTED**. The discovery deadline is now **January 25, 2027**, and the deadline for summary judgment on the merits is now **February 25, 2027.**

Dated in Milwaukee, Wisconsin this 18th day of November, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge